# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| KATHY FOUSE<br>72 South Oakley Avenue<br>Columbus, Ohio 43204<br><br>      Plaintiff,<br><br>v.<br><br>NEWELL BRANDS<br>175 Heritage Drive<br>Pataskala, Ohio 43062<br><br>      Defendant. | Case No.<br><br>Judge<br><br>JURY DEMAND ENDORSED HEREON |

## COMPLAINT

Now comes Plaintiff Kathy Fouse, by and through her undersigned counsel, and herein states the following Complaint against Defendant Newell Brands ("Newell Brands").

### **PARTIES**

1. Plaintiff is a natural person residing in Franklin County, Ohio and is over the age of 40.

2. Newell Brands is a Delaware corporation with its principal place of business in Atlanta, Georgia and which operates a facility in Licking County, Ohio.

3. At all relevant times, Newell Brands employed four or more employees within the state of Ohio.

1

## JURISDICTION AND VENUE

4. Counts I and II are brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. § 1331. Counts III and IV are brought under the same core of operative facts, are therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391, because Defendant has facilities in Licking County, Ohio, at which all the events in questions took place.

## FACTS COMMON TO ALL CLAIMS

6. Ms. Fouse, who is an African American female over the age of 40, was hired by the Newell on or about April 26, 2014 in Inventory Control.

7. In June 2019, she was promoted to a Logistics Supervisor position.

8. On or about April 24, 2020 she was demoted to the position of Receiving Clerk.

9. A white, less qualified, male in his early 20s was hired as her replacement.

10. Throughout her employment as a Logistics Supervisor, she was treated differently than the other Logistics Supervisors, all of whom were white.

11. For example, Chris Young, the building manager, told her to clock in and out for lunch but did not require this of the other supervisors.

12. Ms. Fouse complained to the human resources department about these discriminatory issues but to no avail.

13. Furthermore, during the Covid-19 pandemic, white supervisors were each given two weeks off and Ms. Fouse was not given similar time off.

14. In addition, in the facility at which Ms. Fouse was employed, other than the approximately 10-month period in which she was a supervisor, there have been no African American supervisors or executives at the Pataskala facility.

15. Ms. Fouse filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 4, 2020 alleging race and age discrimination.

16. The EEOC issued its Dismissal and Notice of Rights ("Notice") on November 16, 2020, which was postmarked on November 18, 2020 and Ms. Fouse received it no earlier than November 19, 2020.

## COUNT I
## RACE DISCRIMINATION UNDER 42 U.S.C. § 2000e, et seq.

17. Plaintiff realleges and restates the facts and allegations above, as if fully rewritten herein.

18. Ms. Fouse is an "employee" as that term is defined in 42 U.S.C. § 2000e(d).

19. Newell Brands is an "employer" as that term is defined in 42 U.S.C. § 2000e(b).

20. In the actions described above, Newell discriminated against Ms. Fouse on account of her race, African American, in violation of 42 U.S.C. § 2000e-2(a)(1).

21. For its violations of 42 U.S.C. § 2000e-2(a)(1) Newell is liable to Ms. Fouse for lost pay and benefits, compensatory damages, and attorney fees and costs, in an amount to be determined at trial.

## COUNT II
## RACE DISCRIMINATION UNDER ORC CHAPTER 4112

22. Plaintiff realleges and restates the facts and allegations above, as if fully rewritten herein.

23. Ms. Fouse is an "employee" as that term is defined in R.C. 4112.

24. Newell Brands is an "employer" as that term is defined in R.C. 4112.

25. As noted previously, Ms. Fouse is African American.

26. Because Ms. Fouse is African American, she is a member of a protected class under R.C. 4112.

27. Ms. Fouse was subjected to the conduct alleged above due to her race.

28. For its violations of R.C. 4112, Newell Brands is liable to Ms. Fouse for lost pay and benefits, compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, plus the equitable remedies of reinstatement and/or front pay.

### COUNT III
### AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") 29 U.S.C. § 621, et seq.

29. Plaintiff realleges and restates the facts and allegations above, as if fully rewritten herein.

30. Ms. Fouse is an "employee" as that term is defined in 29 U.S.C. § 630(a).

31. Newell Brands is an "employer" as that term is defined in 29 U.S.C. § 630(b).

32. As noted previously, Ms. Fouse is over 40.

33. Because Ms. Fouse is over 40, she is a member of a protected class under the ADEA.

34. Ms. Fouse was subjected to the conduct alleged above due to her age.

35. Ms. Fouse was subjected to age discrimination when she was demoted and replaced by a person significantly younger than herself.

36. For its violations of the ADEA, Newell Brands is liable to Ms. Fouse for lost pay and benefits, compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, plus the equitable remedies of reinstatement and/or front pay.

## COUNT IV
## AGE DISCRIMINATION UNDER ORC CHAPTER 4112

37. Plaintiff realleges and restates the facts and allegations above, as if fully rewritten herein.

38. Ms. Fouse is an "employee" as that term is defined in R.C. 4112.

39. Newell Brands is an "employer" as that term is defined in R.C. 4112.

40. As noted previously, Ms. Fouse is over 40.

41. Because Ms. Fouse is over 40, he is a member of a protected class under R.C. 4112.

42. At the time she was demoted, she was physically able to perform her duties and otherwise met the requirements of her job and laws pertaining to the relationship between employer and employee.

43. Ms. Fouse was subjected to the conduct alleged above, including her demotion due to her age.

44. For its violations of R.C. 4112, Newell Brands is liable to Ms. Fouse for lost pay and benefits, compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, plus the equitable remedies of reinstatement and/or front pay.

WHEREFORE, Ms. Fouse demands the following:

1. Lost pay and benefits, compensatory and punitive damages, and attorney fees and costs, in an amount in excess of $25,000.00 to be determined at trial, plus the equitable remedies of reinstatement and/or front pay; plus court costs, attorney fees, pre- and post-judgment interest and any and all other relief to which Ms. Fouse is entitled in law and in equity, including but not limited to compensatory, consequential and punitive damages.

        Respectfully submitted.

        DEWITT LAW, LLC

        */s/ Michael W. DeWitt*
        Michael W. DeWitt (0066896)
        4200 Regent Street
        Suite 200
        Columbus, Ohio 43219
        (614) 398-2886
        (614) 370-4552
        (614) 750-1379 (facsimile)
        mdewitt@dewittlawco.com
        *Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff demands that a jury decide all claims in this matter that are triable to a jury.

        */s/ Michael W. DeWitt*
        Michael W. DeWitt (0066896)